UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD WROBLEWSKI, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:16cv1705-L-DHB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [Doc. 8]** |

Pending before the Court is Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff filed an opposition and Defendant replied. The matter is submitted on the briefs without oral argument. *See* Civ. L. R. 7.1(d)(1). For the reasons stated below, Defendant's motion is **GRANTED**.

**I.　BACKGROUND**

Plaintiffs Gerald and Sharon Wroblewski ("Plaintiffs") filed this action against the United States ("Defendant") based on their dispute with the Internal Revenue Service ("IRS") regarding their personal income tax liabilities for the years 1994 to 2010. (*See* Compl. [Doc. 1] ¶¶ 4–7.) In 2007, the IRS, represented by the United States Department of Justice, filed suit against Plaintiffs to recover federal income tax assessments for the years 1994 to 2002. (U.S. Dist. Ct. S. Dist. Cal. case no. 07cv81-BTM-WMC.) In 2009, the Court entered judgment against Plaintiffs. (*Id.* doc. no. 72.)

In June 2013, Plaintiffs submitted separate "offers in compromise" to the IRS for the years 1994 to 2006 and the year 2010. (*See* Compl. ¶ 7.) The IRS accepted these offers in September 2013. (*Id*.) Plaintiffs completed all the terms of the offers. (*Id.* ¶ 8.) On July 2, 2014, the IRS revoked and rescinded its acceptance of Plaintiffs' offers, and demanded that the balance of their federal tax liabilities for the years covered by the offers, in the amount of $577,418.16, be paid immediately. (*Id.* ¶ 11 & Ex. A.)

Plaintiffs allege that in unilaterally revoking and rescinding its acceptance their offer, the IRS violated 26 U.S.C. § 7122, and that this entitles them to damages under 26 U.S.C. § 7433. (Compl. ¶¶ 12-22.) Section 7433 provides a private right of action when an employee or officer of the IRS "recklessly, intentionally, or by reason of negligence[] disregards any provision" of the tax code "in connection with any collection of a Federal tax." 26 U.S.C. § 7433(a). Defendant filed a motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, and pursuant to Rule 12(b)(6) for failure to state a claim.

## II. DISCUSSION

Rule 12(b)(1) provides for dismissal if subject matter jurisdiction is lacking. Unlike State courts,

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal courts must satisfy themselves of jurisdiction over the subject matter before proceeding to the merits of the case. *Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574, 583 (1999). Subject matter jurisdiction cannot be waived, and the court must dismiss an action whenever it determines subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3); *see also Hansen v. Dep't of Treasury*, 528 F.3d 597, 600 (9th Cir. 2007).

Defendant argues that subject matter jurisdiction is lacking because Plaintiffs have not exhausted their administrative remedies. They rely on 26 U.S.C. § 7433(d)(1), which provides that "[a] judgment for damages shall not be awarded under [26 U.S.C. § 7433(b)] unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." The Ninth Circuit made its interpretation of this requirement clear when it found that "the court lacked jurisdiction to hear" the case, where the plaintiff taxpayer filed an action "against the United States under 26 U.S.C. § 7433 without exhausting her administrative remedies." *Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1992).

To exhaust administrative remedies, a plaintiff must file an administrative claim before filing an action in district court. 26 C.F.R. § 301.7433-1(d). Specifically, "[a]n administrative claim … shall be sent in writing to the Area Director ... of the area in which the taxpayer currently resides." *Id.* § 301.7433-1(e)(1). A cause of action in federal district court may not be maintained before the earlier of (1) the date a decision on the administrative claim is rendered; or (2) the date six months after the administrative claim is filed. *Id.* § 301.7433-1(d)(1).

Plaintiffs baldly allege that they have exhausted all available administrative remedies. (Compl. ¶ 24.) Defendant disputes this by filing an affidavit showing that Plaintiffs have not exhausted. Plaintiffs do not provide any evidence in rebuttal.

"Unlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency and in so doing rely on affidavits or any other evidence properly before the court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). A Rule 12(b)(1) motion for lack of subject matter jurisdiction may be "facial" or "factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id*. By contrast, in a factual attack, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*. In

resolving a factual attack, the court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id*. (citation omitted). If the defendant makes a factual attack "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id*. (internal quotation marks and citations omitted).

Defendant makes a factual attack on Plaintiffs' conclusory exhaustion allegation. In the absence of Plaintiffs' evidence to the contrary, the Court considers Defendant's affidavit regarding exhaustion.

The declaration of IRS advisor Julie A. Piazza shows that Plaintiffs have not filed any administrative claims under section 7433 since January 1, 2013. This date precedes both Plaintiffs' tendering of the offers in compromise and the IRS's revocation of their acceptance of said offers. Thus, Plaintiffs have not filed any administrative claims related to the allegations set forth in their complaint, and did not exhaust their administrative remedies as required by Section 7433 prior to bringing this action.

Under the controlling holding in *Conforte*, this Court lacks subject matter jurisdiction to hear the case. Accordingly, the Court is without jurisdiction to consider Defendant's 12(b)(6) motion. *Ruhrgas AG*, 526 U.S. at 583.

## III. CONCLUSION AND ORDER

For the reasons stated above, Defendant's Rule 12(b)(1) motion to dismiss is **GRANTED**, and its Rule 12(b)(6) motion is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: July 7, 2017

_____
Hon. M. James Lorenz
United States District Judge